UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN PABLO CHAVEZ *DBA RCO.CASH*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  Civil Action No. 1:24-cv-01172 (UNA) ) ) |
| BFLATPLUS.WORDPRESS.COM, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter, filed *pro se* by plaintiff Juan Pablo Chavez d/b/a RCO.CASH, is currently before the Court on plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and complaint ("Compl."), ECF No. 1. The Court grants the IFP application as to Mr. Chavez only, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff sues a website called "bflatplus.wordpress.com." *See* Compl. at 1. No other information regarding the defendant is provided. Plaintiff also appears to sue John or Jane Does, *see id.*, which contravenes the provisions of D.C. LCvR 5.1(c)(1), and the complaint mentions several federal agencies, *see id.*, but plaintiff does formally name them as parties to this suit, *see* Fed. R. Civ. P. 10(a). The complaint broadly demands "review of a 'final agency action'" relating to a "proportion of interest to principal on student loans," which plaintiff alleges is "gravely disabling." The bulk of the 190-page complaint consists of a hodgepodge of unexplained exhibits, *see* D.C. LCvR 5.1(e), including emails with Chase Bank, fax transmissions to the IRS and the U.S. Treasury Department, Los Angeles County registrar records, text messages, and a dissertation regarding the U.S. Supreme Court's selection of IFP applications, authored by a third-party, *see* Compl. Exhibits, ECF Nos. 1-1, 1-2.

*First*, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654.  Here, plaintiff attempts to proceed IFP on behalf of a business, but a non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993); *see Franklin v. Vilsack*, No. 11–0206 (D.D.C. Apr. 15, 2011) (denying IFP status to plaintiff in his capacity as an officer of a corporation which, as an artificial entity, cannot proceed IFP).  Nor can plaintiff proceed, IFP or otherwise, on behalf of his business, because he is not licensed counsel. *See* 28 U.S.C. § 1654; *see also see Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland*, 506 U.S. at 201–02).

*Second*, even if plaintiff had brought this matter individually, it could not survive.  The complaint fails to comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction  . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  The Rule 8 standard ensures that defendants receive fair notice of the claims being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Indeed, a claim is facially plausible only when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *see Iqbal*, 556 U.S. at 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action,"

and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Plaintiff has fallen well short of this standard because the complaint, which is neither short nor plain. Simply put, in its current form it is incomprehensible. Plaintiff fails to supply any details or context to support a cognizable claim. Without such basic facts, neither the defendant nor this Court bears notice of plaintiff's claims, nor can the Court exercise subject matter jurisdiction over them.

Accordingly, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: July 10, 2024

TREVOR N. McFADDEN
United States District Judge